**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARK A. LYNCH,

                      Plaintiff,

          v.                                    No. 9:15-CV-01234
                                                     (BKS/CFH)

SERGEANT GUIDO, SERGEANT
GANGEIAM, and CORRECTIONS
OFFICER CUMMINS,

                      Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                         **OF COUNSEL:**

Mark A. Lynch
48930
Plaintiff Pro Se
Schenectady County Jail
320 Veeder Avenue
Schenectady, New York 12307

Goldberg, Segalla Law Firm           JONATHAN M. BERNSTEIN, ESQ.
Attorneys for Defendants              MOLLY M. RYAN, ESQ.
8 Southwoods Boulevard
Suite 300
Albany, New York 1211-2526

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Mark A. Lynch ("Plaintiff") brings this action pursuant to 42 U.S.C.

§ 1983, alleging that defendants Christopher Guido, Daniel Gangaram, and Jack

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Cummins,[2] County of Schenectady employees working at Schenectady County Correctional Facility ("SCCF"), violated his constitutional rights under the Fourth and Fourteenth Amendments.  Dkt. No. 1 ("Compl.").

Presently pending is defendants' motion to dismiss for plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b) and Local Rule 10.1(c)(2) of the Northern District of New York due to plaintiff's repeated failure to obey court orders and apparent abandonment of litigation or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  Dkt. No. 23.  Plaintiff did not oppose.  For the reasons set forth below, it is recommended that defendants' motion to dismiss for failure to prosecute be granted, and that the motion in the alternative for summary judgment be denied as moot.

## I. Background
### A. Plaintiff's Recitation of the Facts

Plaintiff commenced this action on October 15, 2015 with the filing of a complaint and application to proceed in forma pauperis ("IFP").  See Compl.; Dkt. No. 2.  On October 16, 2015, an order was issued directing administrative closure, and plaintiff's IFP was denied as incomplete.  Dkt. No. 3.  On October 26, 2015, plaintiff re-applied to proceed IFP and the case was re-opened.  Dkt. No. 6.  On January 22, 2016, the Court issued a Decision and Order granting plaintiff's IFP application and ordering dismissal without prejudice on plaintiff's: (1) Eighth Amendment claims based on conditions of

---

[2] Defendants contend that plaintiff erroneously named defendants as Sergeant Guido, Sergeant Gangeiam, and Corrections Officer Cummins.  Dkt. No. 23-15 at 3.  The clerk is directed to correct the docket and caption to reflect the proper spelling of defendants' names and their titles.

confinement; (2) Eighth Amendment deliberate indifference claims; (3) First Amendment access to courts claims; (4) Fourth Amendment unlawful search claims; (5) claims related to the failure to allow plaintiff to file grievances; and (6) supervisory claims against Defendant Dagostino.  Dkt. No. 7.  The Order further stated that "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**."  Id. at 17 (emphasis in original).

On February 19, 2016, the Court issued a Mandatory Pretrial Discovery and Scheduling Order directing amended pleadings and joinder of parties due by June 19, 2016, discovery due by August 16, 2016, and dispositive motions filed by October 19, 2016.  Dkt. No. 11.  A copy of that Order was served on plaintiff by regular mail.  Id.  On February 22, 2016, a copy of the January 22 Decision and Order (Dkt. No. 7) was returned to the Court marked "return to sender-unable to forward."  Dkt. No. 15.  On March 18, 2016, a copy of the Mandatory Pretrial Discovery and Scheduling Order was returned to the Court marked "return to sender-not deliverable as addressed-unable to forward."  Dkt. No. 17.

On May 19, 2016, defendants filed a letter motion requesting the case be dismissed due to plaintiff's failure to provide the Court with a change of address.  Dkt. No. 18.  Also on May 19, the undersigned issued a text order denying defendants' letter request without prejudice, and directing them to file a motion to dismiss in compliance with the Local Rules of the Northern District of New York.  Dkt. No. 19.  A copy of that Order was served on plaintiff by regular mail.  Id.  On May 27, 2016, the Order was returned to the Court marked "return to sender-not deliverable as addressed-unable to

forward." Dkt. No. 20. On June 19, 2016, the deadlines for amended pleadings and joinder of parties expired. Dkt. Entry dated June 20, 2016. On August 16, 2016, the discovery deadline expired. Dkt. Entry dated Aug. 16, 2016. Plaintiff did not submit any discovery requests, nor was he available for any discovery.

On October 19, 2016, defendants filed a Motion to Dismiss for Failure to Prosecute pursuant to Fed. R. Civ. P. 41 (b) and Local Rule 10.1(c)(2), or, in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 23. Defendants directed plaintiff to file any response to that motion by November 14, 2016. Id. Also on October 19, the undersigned issued a text re-notice regarding the motion to dismiss, which was served on plaintiff by regular mail. Dkt. Entry dated Oct. 19, 2016. On October 30, 2016, notice was returned to the Court marked "released." Dkt. No. 25. No forwarding address was provided.

## II. Legal Standard

Fed. R. Civ. P. 41 provides that a court may dismiss an action "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ." See Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y.L.R. 41.2 (b). Since a Rule 41(b) dismissal "is a harsh remedy . . . [it] is appropriate only in extreme situations."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Furthermore, where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies . . ." Spencer v. Doe, 139 F.3d 107,112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471, 477 (2d Cir. 2006). A determination whether to dismiss an action pursuant to

Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be h and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74-76 (2d Cir. 1994) (additional citations omitted)).

### III. Discussion[3]

Addressing the first factor – duration of plaintiff's failure to comply – despite being put on notice, plaintiff has failed to communicate with the defendants and the Court, participate in discovery, and notify the defendants and the Court of his change in address. See Lucas, 84 F.3d at 535. Plaintiff's only activity in his case was the filing of the complaint in 2015. See Compl. Since that filing, plaintiff has failed to respond to filings by the Court and the defendants. As for the second factor, notice, Lucas 84 F.3d at 535, plaintiff was put on notice that his failure to attend conferences and comply with Court orders could result in the dismissal of his action. See Dkt. No. 7 at 17.

Addressing the third factor, prejudice, defendants have been prejudiced as a result of plaintiff's failure to abide by this Court's orders. The defendants have been deprived of information needed to prepare their defense in this matter, as plaintiff has failed to identify or produce any documents in support of his claim. See Shannon v. Gen. Elec. Co., 186

---

[3] All unpublished opinions cited by the Court in this Report-Recommendation are, unless otherwise noted, attached herein and have been sent to Plaintiff at the abovementioned address.

F.3d 186, 195 (2d Cir. 1999) ("[D]elay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult."); Lucas, 84 F.3d at 535; Dkt. No. 23-15 at 7. This action has been pending for a year and eight months and no discovery has been completed. Defendants have been unable to notice plaintiff's deposition, as they do not have an updated address. Id.

In recommending the dismissal of this action, the undersigned is cognizant that dismissal is considered a harsh remedy, especially when invoked against a pro se plaintiff. See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986); Sec. and Exch. Comm'n v. Research Automation Corp., 521 F.2d 585, 588-89 (2d Cir. 1975). However, plaintiff has not taken any type of action in this case and has continuously failed to communicate with the Court and defendants' counsel. His actions have contributed to congestion on this Court's docket as discovery in this case was due to have been completed by August 16, 2016. Dkt. No. 11. Given plaintiff's apparent abandonment of this action and repeated refusal to comply with this Court's orders, the Court finds that the imposition of a lesser sanction would have no effect on plaintiff or this litigation which has been pending since October 15, 2015. See Hunter v. New York State Dept. of Corr. Serv., 515 Fed. Appx. 40, 43 (2d Cir. 2013) ("While it is true that resolutions on summary judgment . . . are generally to be preferred to dismissals under Rule 41(b), we note that in this case plaintiff's inactivity, for over seven months, in response to defendant's motion for summary judgment was nearly coextensive with her failure to respond, in any manner, to defendant's Rule 41(b) motion to dismiss."); Dkt. No. 1.

Accordingly, it is recommended that defendants' motion to dismiss for failure to

prosecute be granted,[4] and defendants' alternative motion for summary judgment be denied as moot.

### IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that defendants' Motion to Dismiss for Lack of Prosecution (Dkt. No. 23-15 at 3) be **GRANTED**, defendants' alternative motion for summary judgment be denied as moot (Dkt. No. 23-15 at 6) and plaintiff's complaint be **DISMISSED in its entirety with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 6(a), 6(e), 72.

**IT IS SO ORDERED**.

Dated: June 27, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] See Gaines v. Bezio, 09-CV-176 (GTS/DEP), 2009 WL 2252140, at * 1 n. 1 (N.D.N.Y. July 28, 2009) (citing Hollick v. Comm'r of Soc. Sec., 07-CV-1170 (DNH/RFT), 2009 WL 365679, at *1 (N.D.N.Y. Jan. 15, 2009) and Link v. Wabash R. Co., 379 U.S. 626, 629-30 (1962).